APPEAL,TYPE I−FOIA

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:18−cv−00377−CRC

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON v. GENERAL SERVICES ADMINISTRATION
Assigned to: Judge Christopher R. Cooper
Demand: $0
Cause: 05:552 Freedom of Information Act

Date Filed: 02/20/2018
Jury Demand: None
Nature of Suit: 895 Freedom of Information Act
Jurisdiction: U.S. Government Defendant

**Plaintiff**

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON

represented by  Anne L. Weismann
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
1101 K Street, NW
Suite 201
Washington, DC 20005
(202) 408−5565
Fax: (202) 588−5020
Email: aweismann@citizensforethics.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

GENERAL SERVICES ADMINISTRATION

represented by  Melanie Dyani Hendry
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252−2510
Fax: (202) 252−2599
Email: melanie.hendry2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/20/2018 | 1 | | COMPLAINT against GENERAL SERVICES ADMINISTRATION ( Filing fee $ 400 receipt number 0090−5338556) filed by CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON. (Attachments: # 1 Civil Cover Sheet, # 2 Summons GSA, # 3 Summons Attorney General, # 4 Summons U.S. Attorney)(Weismann, Anne) (Entered: 02/20/2018) |
| 02/20/2018 | 2 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON (Weismann, Anne) (Entered: 02/20/2018) |

| 02/20/2018 | | | Case Assigned to Judge Christopher R. Cooper. (zmd) (Entered: 02/22/2018) |
|---|---|---|---|
| 02/22/2018 | 3 | | SUMMONS (3) Issued Electronically as to GENERAL SERVICES ADMINISTRATION, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent) (zmd) (Entered: 02/22/2018) |
| 02/27/2018 | 4 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 02/27/2018. (Weismann, Anne) (Entered: 02/27/2018) |
| 02/27/2018 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/27/2018. Answer due for ALL FEDERAL DEFENDANTS by 3/29/2018. (Weismann, Anne) (Entered: 02/27/2018) |
| 02/27/2018 | 6 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON served on 2/26/2018 (Weismann, Anne) (Entered: 02/27/2018) |
| 03/26/2018 | 7 | | NOTICE of Appearance by Melanie Dyani Hendry on behalf of GENERAL SERVICES ADMINISTRATION (Hendry, Melanie) (Entered: 03/26/2018) |
| 03/26/2018 | 8 | | ANSWER to 1 Complaint by GENERAL SERVICES ADMINISTRATION.(Hendry, Melanie) Modified to add link on 3/27/2018 (znmw). (Entered: 03/26/2018) |
| 03/27/2018 | | | MINUTE ORDER: Before the Court in this FOIA case are a complaint and an answer. Since the requirements of LCvR 16.3 and Rule 26(f) of the Federal Rules of Civil Procedure do not apply, it is hereby ORDERED that the parties shall confer and file a joint proposed schedule for briefing or disclosure by April 10, 2018. Signed by Judge Christopher R. Cooper on 3/27/2018. (lccrc2) (Entered: 03/27/2018) |
| 03/27/2018 | | | Set/Reset Deadlines: Joint Proposed Briefing Schedule due by 4/10/2018 (lsj) (Entered: 03/27/2018) |
| 04/02/2018 | 9 | | Unopposed MOTION for Extension of Time to File *Joint Briefing Schedule* by CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON (Attachments: # 1 Text of Proposed Order)(Weismann, Anne) (Entered: 04/02/2018) |
| 04/03/2018 | | | MINUTE ORDER granting 9 Plaintiff's Motion for Extension of Time. The parties shall now file their joint proposed schedule for production and, if necessary, briefing by April 20, 2018. Signed by Judge Christopher R. Cooper on 4/3/2018. (lccrc2) (Entered: 04/03/2018) |
| 04/03/2018 | | | Set/Reset Deadlines: Joint Proposed Briefing Schedule due by 4/20/2018 (lsj) (Entered: 04/03/2018) |
| 04/20/2018 | 10 | | Joint STATUS REPORT *and Proposed Briefing Schedule* by GENERAL SERVICES ADMINISTRATION. (Hendry, Melanie) (Entered: 04/20/2018) |
| 04/24/2018 | | | MINUTE ORDER: In light of 10 the parties' joint status report, the briefing schedule shall be as follows: Defendant's motion for summary judgment shall be due by June 15, 2018; Plaintiff's combined opposition and cross−motion for summary judgment shall be due by July 13, 2018; Defendant's combined reply |

| | | | |
|---|---|---|---|
| | | | and opposition shall be due by August 10, 2018; and Plaintiff's reply shall be due by August 31, 2018. Signed by Judge Christopher R. Cooper on 4/24/2018. (lccrc2) (Entered: 04/24/2018) |
| 04/24/2018 | | | Set/Reset Deadlines: Summary Judgment motions due by 6/15/2018. Response to Motion for Summary Judgment due by 7/13/2018. Reply to Motion for Summary Judgment due by 8/10/2018. Replies due by 8/31/2018. (lsj) (Entered: 04/24/2018) |
| 06/14/2018 | 11 | | Consent MOTION to Amend Briefing Schedule by GENERAL SERVICES ADMINISTRATION (Hendry, Melanie) Modified text and event on 6/15/2018 (ztd). (Entered: 06/14/2018) |
| 06/15/2018 | | | MINUTE ORDER granting 11 Defendant's Motion to Amend Briefing Schedule. The following summary judgment briefing schedule shall now apply: Defendant's motion for summary judgment shall be due by June 29, 2018; Plaintiff's combined opposition and cross−motion for summary judgment shall be due by July 27, 2018; Defendant's combined opposition and reply shall be due by August 24, 2018; and Plaintiff's reply shall be due by September 7, 2018. Signed by Judge Christopher R. Cooper on 6/15/2018. (lccrc2) (Entered: 06/15/2018) |
| 06/18/2018 | | | Set/Reset Deadlines: Summary Judgment motions due by 6/29/2018. Response to Motion for Summary Judgment due by 7/27/2018. Reply to Motion for Summary Judgment due by 8/24/2018. Plaintiff's Reply due by 9/7/2018. (lsj) (Entered: 06/18/2018) |
| 06/27/2018 | 12 | | MOTION to Vacate *Summary Judgment Briefing Schedule* by GENERAL SERVICES ADMINISTRATION (Hendry, Melanie) (Entered: 06/27/2018) |
| 06/28/2018 | 13 | | RESPONSE re 12 MOTION to Vacate *Summary Judgment Briefing Schedule* filed by CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Weismann, Anne) (Entered: 06/28/2018) |
| 06/28/2018 | | | MINUTE ORDER granting 12 Defendant's Motion to Vacate. The Court will vacate the current briefing schedule entered by Minute Order on June 15, 2018. Defendant shall process and produce the newly−located records by July 6, 2018. The parties shall then meet and confer and file a new proposed briefing schedule designed to resolve the case expeditiously by July 13, 2018. Signed by Judge Christopher R. Cooper on 6/28/2018. (lccrc2) Modified on 7/2/2018 (zlsj). (Entered: 06/28/2018) |
| 06/29/2018 | | | ***Deadlines terminated. Set/Reset Deadlines: Proposed Briefing Schedule due by 7/13/2018 (lsj) (Entered: 06/29/2018) |
| 07/13/2018 | 14 | | PROPOSED BRIEFING SCHEDULE by GENERAL SERVICES ADMINISTRATION. (Hendry, Melanie) (Entered: 07/13/2018) |
| 07/13/2018 | 15 | | STATUS REPORT by GENERAL SERVICES ADMINISTRATION; (See docket entry no. 14 to view.) (ztd) (Entered: 07/17/2018) |
| 07/17/2018 | | | MINUTE ORDER: In light of 14 the parties' joint status report, the following briefing schedule shall apply: Defendant's motion for summary judgment shall be due by August 7, 2018. Plaintiff's combined opposition and cross−motion for summary judgment shall be due by September 7, 2018. Defendant's combined |

| | | | |
|---|---|---|---|
| | | | opposition and reply shall be due by October 5, 2018. Plaintiff's reply shall be due by October 26, 2018. Signed by Judge Christopher R. Cooper on 7/17/2018. (lccrc2) (Entered: 07/17/2018) |
| 07/17/2018 | | | Set/Reset Deadlines: Summary Judgment motions due by 8/7/2018. Response to Motion for Summary Judgment due by 9/7/2018. Reply to Motion for Summary Judgment due by 10/5/2018. Plaintiff's Replies due by 10/26/2018. (lsj) (Entered: 07/17/2018) |
| 08/06/2018 | 16 | | MOTION for Summary Judgment by GENERAL SERVICES ADMINISTRATION (Attachments: # 1 Statement of Facts, # 2 Declaration of Travis Lewis)(Hendry, Melanie) (Entered: 08/06/2018) |
| 09/07/2018 | 17 | | Memorandum in opposition to re 16 MOTION for Summary Judgment filed by CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON. (Attachments: # 1 Exhibit A−E, # 2 Statement of Facts Response, # 3 Text of Proposed Order)(Weismann, Anne) (Entered: 09/07/2018) |
| 10/02/2018 | 18 | | Consent MOTION for Extension of Time to File Response/Reply by GENERAL SERVICES ADMINISTRATION (Hendry, Melanie) (Entered: 10/02/2018) |
| 10/09/2018 | | | MINUTE ORDER granting Defendant's 18 Consent Motion for Extension of Time to File Response/Reply. Defendant's Response shall now be due on or before October 26, 2018. Signed by Judge Christopher R. Cooper on 10/9/2018. (lccrc2) (Entered: 10/09/2018) |
| 10/09/2018 | | | Set/Reset Deadlines: Responses due by 10/26/2018 (lsj) (Entered: 10/09/2018) |
| 10/17/2018 | 19 | | ENTERED IN ERROR.....ANSWER to Complaint by GENERAL SERVICES ADMINISTRATION.(Nebeker, William) Modified on 10/17/2018 (zjf). (Entered: 10/17/2018) |
| 10/17/2018 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 19 Answer to Complaint was entered in error and refiled by counsel in the correct case(jf) (Entered: 10/17/2018) |
| 10/24/2018 | 20 | | MOTION for Extension of Time to File Response/Reply by GENERAL SERVICES ADMINISTRATION (Hendry, Melanie) (Entered: 10/24/2018) |
| 10/26/2018 | | | MINUTE ORDER granting 20 Defendant's Motion for Extension of Time to File Response/Reply. Defendant's response is now due on or before November 9, 2018. Signed by Judge Christopher R. Cooper on 10/26/2018. (lccrc2) (Entered: 10/26/2018) |
| 10/26/2018 | | | Set/Reset Deadlines: Responses due by 11/9/2018. (znbn) (Entered: 10/26/2018) |
| 11/08/2018 | 21 | | REPLY to opposition to motion re 16 MOTION for Summary Judgment filed by GENERAL SERVICES ADMINISTRATION. (Attachments: # 1 Second Declaration of Travis Lewis)(Hendry, Melanie) (Entered: 11/08/2018) |
| 11/13/2018 | 22 | | NOTICE of Change of Address by Anne L. Weismann (Weismann, Anne) (Entered: 11/13/2018) |
| 12/03/2018 | | | MINUTE ORDER: The parties shall appear for a hearing on Defendant's 16 motion for summary judgment on Wednesday, December 12, 2018 at 2:00 p.m. |

| | | |
|---|---|---|
| | | in Courtroom 27A. The parties should be particularly prepared to discuss the redactions made to the Findings and Determination document--referenced by Plaintiff in its opposition at pages 29-31 and labeled as Exhibit E in the attachments thereto--including the question of whether that document is properly considered predecisional. Signed by Judge Christopher R. Cooper on 12/3/2018. (lccrc2) (Entered: 12/03/2018) |
| 12/03/2018 | | Set/Reset Hearings: Motion Hearing set for 12/12/2018 at 2:00 PM in Courtroom 27A before Judge Christopher R. Cooper. (lsj) (Entered: 12/03/2018) |
| 12/12/2018 | | Minute Entry for proceedings held before Judge Christopher R. Cooper: Motion Hearing held on 12/12/2018 re 16 Motion for Summary Judgment. Arguments on motion heard and taken under advisement. Opinion forthcoming. (Court Reporter: Lisa Moreira) (zjd) (Entered: 12/12/2018) |
| 12/17/2018 | 23 | MEMORANDUM OPINION AND ORDER denying Defendant's Motion 16 for Summary Judgment. Signed by Judge Christopher R. Cooper on 12/17/2018. (lccrc2) Modified on 12/17/2018 (lsj). (Entered: 12/17/2018) |
| 12/17/2018 | | Set/Reset Deadlines: Defendant's declaration due by 12/24/2018. Plaintiff's reply due by 1/9/2019. (lsj) (Entered: 12/17/2018) |
| 12/26/2018 | 24 | MOTION to Stay *in Light of Lapse of Appropriations* by GENERAL SERVICES ADMINISTRATION (Hendry, Melanie) (Entered: 12/26/2018) |
| 12/27/2018 | | MINUTE ORDER granting 24 Defendant's Motion to Stay. All deadlines in the case shall be stayed pending renewed funding. Signed by Judge Christopher R. Cooper on 12/27/2018. (lccrc2) (Entered: 12/27/2018) |
| 02/01/2019 | | MINUTE ORDER: In light of the restoration of appropriations, the stay in this case is lifted. The parties shall provide a joint status report on or before February 8, 2019, which shall include a proposed schedule for future proceedings. Signed by Judge Christopher R. Cooper on 2/1/2019. (lccrc2) (Entered: 02/01/2019) |
| 02/05/2019 | | Set/Reset Deadlines: Joint Status Report due by 2/8/2019 (lsj) (Entered: 02/05/2019) |
| 02/07/2019 | 25 | Joint STATUS REPORT by GENERAL SERVICES ADMINISTRATION. (Hendry, Melanie) (Entered: 02/07/2019) |
| 02/07/2019 | | MINUTE ORDER: In light of the parties' 25 joint status report, the following deadlines shall apply: Defendant's declaration regarding the "Findings and Determination" document is due on or before February 15, 2019; Plaintiff's deadline to file its response to the declaration is due on or before March 1, 2019; and the parties' next status report, which should update the Court on the status of production, is due on or before March 11, 2019. Signed by Judge Christopher R. Cooper on 2/7/2019. (lccrc2) (Entered: 02/07/2019) |
| 02/07/2019 | | Set/Reset Deadlines: Defendant's declaration regarding the "Findings and Determination" document is due on or before 2/15/2019. Responses due by 3/1/2019. Status Report due by 3/11/2019. (znbn) (Entered: 02/08/2019) |
| 02/14/2019 | 26 | NOTICE *of Filing of Declaration* by GENERAL SERVICES ADMINISTRATION (Attachments: # 1 Declaration of Joel T. |

5

| | | | |
|---|---|---|---|
| | | | Berelson)(Hendry, Melanie) (Entered: 02/14/2019) |
| 02/25/2019 | 27 | | RESPONSE re 26 Notice (Other) *Declaration of Joel T. Berelson* filed by CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON. (Attachments: # 1 Exhibit A)(Weismann, Anne) (Entered: 02/25/2019) |
| 03/05/2019 | 28 | 8 | MEMORANDUM OPINION AND ORDER denying Defendant's motion for summary judgment with respect to the Findings and Determination document. Signed by Judge Christopher R. Cooper on 3/5/2019. (lccrc2) (Entered: 03/05/2019) |
| 03/08/2019 | 29 | | Joint STATUS REPORT by GENERAL SERVICES ADMINISTRATION. (Hudak, Brian) (Entered: 03/08/2019) |
| 03/08/2019 | | | MINUTE ORDER: In light of 29 the parties' joint status report, the Defendant shall provide to Plaintiff and to the Court a supplemental declaration on or before March 22, 2019. Furthermore, the parties shall file an updated joint status report on or before April 8, 2019. Signed by Judge Christopher R. Cooper on 3/8/2019. (lccrc2) (Entered: 03/08/2019) |
| 03/11/2019 | | | Set/Reset Deadlines: Supplemental Declaration due by 3/22/2019. Joint Status Report due by 4/8/2019. (lsj) (Entered: 03/11/2019) |
| 03/22/2019 | 30 | | RESPONSE TO ORDER OF THE COURT re Order, filed by GENERAL SERVICES ADMINISTRATION. (Attachments: # 1 Declaration)(Hendry, Melanie) (Entered: 03/22/2019) |
| 04/05/2019 | 31 | | Joint STATUS REPORT by GENERAL SERVICES ADMINISTRATION. (Hendry, Melanie) (Entered: 04/05/2019) |
| 05/02/2019 | 32 | 7 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 28 Order by GENERAL SERVICES ADMINISTRATION. Fee Status: No Fee Paid. Parties have been notified. (Hendry, Melanie) (Entered: 05/02/2019) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, *Plaintiff*, | ) ) ) ) ) ) Civil Action No. 18-377 (CRC) ) ) ) ) ) |
| UNITED STATES GENERAL SERVICES ADMINISTRATION, *Defendant*. | |

## DEFENDANT'S NOTICE OF APPEAL

**Notice is hereby given** this 2nd day of May, 2019 that defendant United States General Services Administration hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Memorandum Opinion and Order of the District Court entered on March 5, 2019 (Docket No. 28).

Respectfully submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Civil Chief

　　*/s/ Melanie D. Hendry*
MELANIE D. HENDRY
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2510
melanie.hendry2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES GENERAL SERVICES ADMINISTRATION**, <br><br> Defendant. | Case No. 18-cv-377 (CRC) |

**MEMORANDUM OPINION AND ORDER**

In this Freedom of Information Act ("FOIA") case, Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") seeks documents that pertain to the General Services Administration's ("GSA") decision to cancel a project for a new FBI Headquarters that proposed swapping the Bureau's current home (the J. Edgar Hoover Building) and cash with a developer who would build a new headquarters facility in a D.C. suburb. The Court has already issued one ruling in favor of CREW, denying GSA's motion for summary judgment and requiring the agency to conduct a broader search for responsive documents and provide a more robust explanation for its withholdings. See Memorandum Opinion and Order, ECF No. 23. That ruling, however, left one issue unresolved: whether GSA permissibly redacted information—including appraised values of the Hoover Building, and the value of offers it received for the property—from a document titled "Findings and Determination" ("F&D") that explained the agency's decision to cancel the swap-relocation project. Id. at 15-16 (discussing F&D, Ex. E, ECF No. 17-1).

GSA contended that the redactions were appropriate under the deliberative-process privilege encompassed by FOIA Exemption 5, but the Court had doubts that the document was

predecisional, as is required for the privilege to apply. After communicating those doubts to GSA at the summary judgment hearing, counsel for the government offered to prepare a supplemental declaration to address that concern. The Court agreed to defer judgment on that issue until it reviewed the agency's declaration and CREW's response. The agency has since produced that declaration, see Declaration of Joel T. Berelson ("Berelson Decl."), ECF No. 26-1, and CREW has responded to the agency's new assertions, see Response re Notice ("Response"), ECF No. 27. The issue is now ripe for the Court's resolution.

"To establish that a document is covered by the [deliberative-process] privilege, the government must show that it is both 'predecisional' and 'deliberative.'" Protect Democracy Project, Inc. v. U.S. Dep't of Def., 320 F. Supp. 3d 162, 176 (D.D.C. 2018) (quoting Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980)). "A predecisional communication is one that 'occurred before any final agency decision on the relevant matter.'" Id. (quoting Nat'l Sec. Archive v. CIA, 752 F.3d 460, 463 (D.C. Cir. 2014)). "A deliberative communication is one that "reflects the give-and-take of the consultative process." Id. (quoting Coastal States, 617 F.2d at 866). In general, "[a] document may be withheld 'if the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" Envtl. Integrity Project v. Small Bus. Admin., 151 F. Supp. 3d 49, 54 (D.D.C. 2015) (quoting Formaldehyde Inst. v. U.S. Dep't of Health & Human Servs., 889 F.2d 1118, 1122 (D.C. Cir. 1989)). Agencies can provide explanations for their withholdings through declarations or a Vaughn index, which is "a system of itemizing and indexing that . . . correlate[s] statements made in the [agency's] refusal justification with the actual portions of the document[.]" Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973).

The core question, again, is whether the Findings and Determination document is properly considered predecisional. "A document is predecisional if it was 'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made." Citizens for Responsibility & Ethics in Washington v. Nat'l Archives & Records Admin., 715 F. Supp. 2d 134, 139 (D.D.C. 2010) ("CREW") (quoting Petrol. Info. Corp. v. Dep't of Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992)). Thus, "a document cannot be characterized as predecisional 'if it is adopted, formally or informally, as the agency position on an issue.'" Id. (quoting Coastal States, 617 F.2d at 866). "Examples of predecisional documents include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.'" Id. (quoting Coastal States, 617 F.2d at 866). "The relevant factors to consider in determining whether a document is a pre-decisional draft or a final, official agency position include: 1) the decision-making authority, or lack thereof, of the document's author; 2) the position of the parties to the document in the chain of command; and 3) whether the document is intended as an expression of the individual author's views or as an expression of the agency's official position." Pfeiffer v. C.I.A., 721 F. Supp. 337, 339-40 (D.D.C. 1989) (citing Arthur Andersen & Co. v. I.R.S., 679 F.2d 254, 257-58 (D.C. Cir. 1982)).

Under this rubric, the F&D is plainly not predecisional. To start, consider the document's authors: the Regional Commissioner of the Public Buildings Service ("PBS"), which functions as the landlord for the civilian federal government, and two PBS contracting officers, including the declarant Berelson, who has served the agency in this role for 29 years. See Response, Exhibit A ("Ex. A"), ECF No. 27-1, at 12; Berelson Decl. ¶ 2. These appear to be individuals with significant "decision-making authority," especially the regional commissioner,

3

10

who no doubt holds a lofty position in the "chain of command." Pfeiffer, 721 F. Supp. at 339. The first two Pfeiffer factors therefore cut against GSA's argument that the F&D is predecisional.

So, too, does the third Pfeiffer factor. It is clear that the F&D was intended to be "an expression of the agency's official position" rather than an "expression of the individual author's views." Id. at 340. The F&D does not contain "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." CREW, 715 F. Supp. 2d at 139. Totally missing from the document are any of the hallmarks of predecisional give-and-take, such as a recommendation to take a particular course of action or a weighing of alternatives. The F&D instead contains exactly what its title suggests it contains: the agency's determination and the findings that support that determination. The document is announcing what the agency *is* doing (and why), not arguing for what it *should* be doing.

Even without the Pfeiffer factors as guide, the Court would still conclude that the F&D is not predecisional for one fundamental reason: nothing in the document shows it was "prepared in order to assist an agency decisionmaker in arriving at his decision." CREW, 715 F. Supp. 2d at 139. To the contrary, all signs indicate that its purpose was "to support a decision already made." Id. One need not look beyond the document's title—"Findings and Determination"— and its date—July 10, 2017, the same day GSA decided to cancel the swap-relocation project— to discern that the document explains a decision already made rather than discusses one still in the works. See Ex. A at 1. The F&D's contents confirm that conclusion. It describes the "FBI Headquarters Consolidation" as a two-phase process involving the selection of an "exchange partner" who would take the Hoover Building and an undetermined amount of cash in return for

4

the construction of a new headquarters facility.  Id.  Crucially, the F&D makes clear that the agency discontinued that process, see id. at 10 ("Determination"); indeed, the entire purpose of the F&D was to provide an explanation for that decision, id. at 9-10 ("Summation of Rational Basis for Cancellation").  That makes the F&D a quintessential example of a document intended "to support a decision already made."  CREW, 715 F. Supp. 2d at 139.  As such, it is unfit for the deliberative-process privilege.

The agency's supplemental declaration tries in vain to alter this analysis.  To frame the F&D as predecisional, GSA claims that the FBI headquarters procurement project is ongoing, Berelson Decl. ¶ 4 (stating that "the FBI Headquarters Consolidation project remains a live procurement action"), describing it as a stalled but soon-to-be-resumed project, id. ¶ 5 ("As GSA intends to reinitiate its procurement action . . . .").  In other words, the agency contends that the cancellation of the swap-relocation plan was but one component of the larger "FBI Headquarters Consolidation project."  Id.  That is a curious position for the agency to take, given that another agency declaration in this case explained that "GSA's decision to cancel the procurement of a new FBI facility . . . is a wholly separate matter from GSA's decision to renovate the current FBI headquarters."  Second Declaration of Travis Lewis ("2d Lewis Decl.") ¶ 4.  If the agency believed that canceling the swap-relocation project was distinct from renovating the current facility, that suggests the agency does not lump together the various proposals to achieve the FBI's goal of a larger, more modern, and more secure headquarters—but instead treats each means to achieving that end as a discrete proposal to be approved or declined.  The agency's prior representation in this case therefore undermines its current attempt to portray its cancelation of the swap-relocation project as part of a larger process, rather than the end of a discrete procurement.

In any event, the agency's argument that the swap-relocation was only a *part* of the "FBI Headquarters Consolidation project" is inconsistent with the F&D itself. The document indicates right off the bat that, at least within the F&D, "the FBI Headquarters Consolidation" is synonymous with "the 'Procurement' or 'Project[.]'" Ex. A at 1. The final paragraph in the F&D provides a further clue that, at least at the time the F&D was issued, there was no difference between what the Berelson declaration calls the "FBI Headquarters Consolidation project" and the swap-relocation procurement. Ex. A at 10 (explaining that it has decided "to cancel the FBI Headquarters Procurement"). And while the F&D does state that the agency plans to develop "an alternative procurement approach," that does not change the fact that the procurement canceled on July 10, 2017 was apparently *the only* headquarters consolidation project being considered at the time. The fact that an alternative plan could be put forward later on does not render predecisional the decision to call off the swap-relocation plan.

Casad v. U.S. Department of Health & Human Services., 301 F.3d 1247 (10th Cir. 2002), which GSA cites for support, is not to the contrary. The agency quotes Casad for the proposition that "so long as a document is generated as part of a such a continuing process of agency decisionmaking, Exemption 5 can be applicable." Berelson Decl. ¶ 4 (assertedly quoting 301 F.3d at 1253). But Casad neither contains the quoted language that the declaration says it does nor supports the agency's predecisional argument more generally. Casad upheld an agency's Exemption 5 withholding of a "summary statement" prepared by the agency's "scientific review group," but that was because the summary statement was clearly predecisional: it was "sent to the advisory council and, after approval there, on to the [agency] director." Id. at 1251-52. Thus, even if the summary statement was "an important consideration in the director's funding decision," it was "not dispositive," for the "director alone has the power to fund an application."

6

Id. at 1252.  Here, by contrast, the F&D explained a decision already made, rather than played a role in an ongoing decisionmaking process, and it was apparently authored by at least one of the decisionmakers.  See supra 3-4.

GSA complains that forcing it to provide an unredacted version of the F&D "may cause substantial harm to the agency's bargaining position with any potentially successful offerors to the agency's future plans for the FBI Headquarters Project."  Berelson Decl. ¶ 4; see id. ¶ 5 ("[R]eleasing the redacted information would be commercially disadvantageous to the government prior to the completion of this procurement.").  That may be true, but it does not rebut CREW's argument that the F&D is post-decisional and therefore not properly protected under Exemption 5.[1]  At bottom, it is apparent that this document was *not* "prepared to aid a decision-maker in arriving at his decision," but instead was intended "to support a past decision." Island Film, S.A. v. Dep't of the Treasury, 869 F. Supp. 2d 123, 135 (D.D.C. 2012).  As such, it cannot be considered predecisional and thus cannot qualify for the deliberative-process privilege.

---

[1] As CREW points out, moreover, the declarant "has not explained what specific procurement or procurements GSA currently is considering, nor has he confirmed that any future procurement [would be] the same as the one addressed in the F&D—all information that would be critical to support a claim that the process of which the F&D is a part is ongoing and properly subject to the deliberative process privilege."  Response at 4.  The FBI and GSA's most recent public statements in fact suggest that the current plan is to renovate the Hoover Building or rebuild on that site; there has been no public statement indicating that the government plans to renew the effort to sell the Hoover Building.  See Office of Inspector General, U.S. General Services Administration, *Review of GSA's Revised Plan for the Federal Bureau of Investigation Headquarters Consolidation Project*, https://www.gsaig.gov/content/review-gsa%E2%80%99s-revised-plan-federal-bureau-investigation-headquarters-consolidation-project; Jory Heckman, *IG, GSA Administrator Butt Heads Over Testimony on FBI Headquarters*, Federal News Network, August 28, 2017, https://federalnewsnetwork.com/agency-oversight/2018/08/oig-gsa-administrator-left-misleading-impression-on-lawmakers-in-fbi-headquarters-testimony/.  If the government no longer plans to sell the Hoover Building, it is hard to make sense of the declarant's comment that revealing the appraisal and bid information would "harm . . . the agency's bargaining position."  Berelson Decl. ¶ 4.

And because the agency has not suggested that some other FOIA Exemption permits the redactions made in the F&D, the agency must produce an unredacted version of the document.[2]

For the foregoing reasons, it is hereby

**ORDERED** that GSA's motion for summary judgment with respect to the Findings and Determination document is denied. It is further

**ORDERED** that the agency provide to Plaintiff an unredacted version of the Findings and Determination document.

**SO ORDERED.**

*Christopher R. Cooper*
_____
CHRISTOPHER R. COOPER
United States District Judge

Date: March 5, 2019

---

[2] GSA has not expressly asserted that Exemption 3 may justify the redactions, see Berelson Decl. ¶ 6 (stating in conclusion that redactions are "subject to the deliberative process privilege" and nothing else), so the Court deems an Exemption 3 argument waived. The Court doubts it would apply in any event. Exemption 3 protects from disclosure documents which are "specifically exempted from disclosure by statute[.]" 5 U.S.C. § 552(b)(3). The declarant suggests that disclosure of the redacted information would run afoul of 41 C.F.R. § 102.75.320 (providing that appraisals should be kept confidential) and 48 C.F.R § 3.104(e) (providing that offerors' bid information relating to federal procurement project should be kept confidential). Berelson Decl. ¶ 5. But the former applies only to "pre-decisional appraisal documents," and the Court has already explained that the procurement cancellation is not predecisional. 41 C.F.R. § 102.75.320. The latter, meanwhile, does not protect bid information "relating to a Federal agency procurement after it has been canceled by the Federal agency . . . unless the Federal agency plans to resume the procurement." 48 C.F.R. § 3.104(e). The swap-relocation procurement has been canceled, and the bid information contained in the F&D pertained only to that project. While the agency may later develop a new FBI headquarters procurement project, that is not the same thing as "resum[ing]" the canceled one, so the bid information does not appear to fall within § 3.104(e)'s protection. And as noted earlier, GSA and FBI have indicated publicly a preference for renovating the current headquarters, not renewing a plan to sell the existing building. See supra 7 n.1. This further undermines any argument by GSA that the appraisal and bid information would be protected from disclosure by the cited regulations.